UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1804 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court grants the application and dismisses the complaint without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*,

1

504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Plaintiff alleges that he "was cited for a traffic violation (reckless driving) under circumstances that . . . should have been prevented by implementation of modern automated driving systems." Compl. ¶ 10. He claims to have "created platforms . . . with infrastructure capable of enhancing national operational standards in health, insurance, and transportation sectors," *id*. ¶ 13, and to have "submitted a formal proffer of his work via mechanics lien documentation to federal entities, identifying public-sector value of national significance," *id*. ¶ 14. Plaintiff's "platforms and insights have not been met with due consideration by federal authorities, effectively stifling reform and reinforcing the conditions under which arbitrary enforcement continues." *Id*. ¶ 15. He blames the citation on "systemic failures in regulation and implementation of safety-enhancing technologies," *id*. ¶ 11, and alleges that the federal government deprived him, essentially, of a defense to the traffic citation, thereby violating his rights to due process and equal protection, *see id*. ¶¶ 16-17, 20, and causing him "reputational, procedural and economic harm," *id*. ¶ 21. Thus, Plaintiff faults the federal government for his own conduct, and cites no legal authority for the proposition that the federal government is obliged to entertain and adopt his proposals.

The Court concludes that the instant complaint is frivolous, as it lacks an arguable basis in law. The complaint and this civil action will be dismissed without prejudice. A separate order will issue.

DATE: August 28, 2025                           /s/
                                                JIA M. COBB
                                                United States District Judge